FILED
United States Court of Appeals
Tenth Circuit

June 27, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAYMOND WINGER, M.D.,

      Plaintiff - Appellant,

v.

MEADE DISTRICT HOSPITAL,

      Defendant - Appellee.

No. 17-3009
(D.C. No. 6:13-CV-01428-JTM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

In the second appeal in this case, Dr. Raymond Winger challenges the district

court's order granting summary judgment to Meade District Hospital on Dr. Winger's

claim that the Hospital did not provide him with due process when it terminated his

employment.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The facts and early procedural history of this case are recounted in detail in

*Winger v. Meade District Hospital*, 646 F. App'x 674 (10th Cir. 2016) (*Winger I*).  In

essence, shortly after the Hospital hired Dr. Winger, it fired him for providing

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

substandard care to two patients. *Id.* at 675-76. Before doing so, the Hospital's Risk Management Committee conducted an investigation that involved two meetings with Dr. Winger and a review by a third-party organization, Docs Who Care. *Id.* at 675. Even so, Dr. Winger filed a lawsuit, alleging the Hospital violated 42 U.S.C. § 1983 when it fired him without due process and infringed upon his liberty interest in his reputation by reporting his termination to the state regulatory board. *Id.* at 676. The district court granted summary judgment to the Hospital on both claims. *Id.*

Dr. Winger then filed the first appeal, with mixed results. In *Winger I*, we affirmed the summary judgment grant on the liberty interest claim but reversed and remanded the grant on the due process claim. *Id.* at 677-78. For the latter claim, we determined that Dr. Winger did have a property interest in continued employment at the Hospital for a defined time period, such that the Hospital could not deprive him of his job without due process; however, we could not tell from the record whether the Hospital provided due process, so we directed the district court to conduct additional proceedings and answer that question. *Id.* at 676-77.

On remand, the Hospital filed a second summary judgment motion, asserting that Dr. Winger received adequate due process before termination. The district court agreed, entering summary judgment once again in favor of the Hospital. Dr. Winger now appeals that ruling. "We review the district court's grant of summary judgment *de novo.*" *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate if a movant "shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Dr. Winger complains on appeal that the Hospital did not give him "any procedural roadmap" to present his defense. Br. of Aplt. at 12. In particular, he asserts the Hospital should have provided him with "advanced notice of the exact misconduct being alleged against him," an "explanation of the procedure to be followed in evaluating his conduct," and a "meaningful evidentiary hearing." *Id.* at 8. In addition, he requests "more due process protections . . . than would be typically required of a public employee" because mandatory reporting to the state regulatory board negatively impacts a physician's career. *Id.* at 13; *see also* Reply Br. of Aplt. at 5 (advocating for "a much more robust due process procedure").

Dr. Winger's position does not comport with our case law. The directive we gave the district court for the remand proceedings spells out what is, in fact, required:

> In the employment context, due process requires a hearing with: (1) oral or written notice of the charges; (2) an explanation of the evidence; and (3) an opportunity for the employee to present his side of the story. A full evidentiary hearing is not required, but the employee must be given notice and an opportunity to respond.
>
> Winger's meetings with the risk management committee may have satisfied these requirements, but the parties did not fully brief the issue and it appears there may be disputed facts regarding the notice provided, the nature of the meetings, and Winger's opportunity to defend himself. Because it is unclear from the record whether the Hospital gave Winger adequate process, we leave it to the district court to resolve this issue in the first instance.

*Winger I*, 646 F. App'x at 677 (internal quotation marks and citations omitted).

3

The district court carefully applied the standard we articulated and determined that Dr. Winger received adequate due process. *See* App., Vol. II at 411 (concluding he "was given notice of the charges, an explanation of the evidence, and an opportunity to present his side of the story"). We find no fault with its analysis. It is clear from the record that Dr. Winger received notice of the charges against him— together with an explanation of the supporting evidence—through two in-person meetings with the Hospital's Risk Management Committee and several letters prepared by Docs Who Care. It is also clear that Dr. Winger had an opportunity to present his side of the story to both the Committee and Docs Who Care, though he chose not to take full advantage of it. Indeed, Dr. Winger conceded as much in his opening brief:

> Dr. Winger was shown the Docs Who Care letters [during a June 20, 2013, meeting]. Dr. Winger asked whether he could have the opportunity to talk with Docs Who Care. The Committee agreed.
>
> Dr. Winger testified that he later decided that contacting Docs Who Care would be a waste of time because they had already reached their conclusions. Instead, Dr. Winger opted to obtain a supporting opinion from James Wiley, MD.
>
> Dr. Winger presented the Hospital with the letter from Dr. Wiley. . . . The committee brought Dr. Winger before it [during the second meeting on July 2, 2013] and Dr. Winger explained his position.

Br. of Aplt. at 6-7 (citations omitted).

Because we agree with the district court that there is no genuine issue of material fact as to whether the Hospital satisfied the applicable due process standard and the Hospital is entitled to judgment as a matter of law, we affirm.

Entered for the Court


Monroe G. McKay
Circuit Judge